## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| VICTOR UDO, | § |
| | § No. 462, 2014 |
|     Defendant Below- | § |
|     Appellant, | § |
| | § |
|     v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| FEDERAL HOME LOAN MORTGAGE | § in and for New Castle County |
| CORPORATION, assignee of CENLAR | § C.A. No. N12L-12-038 |
| FSB, assignee of LYDIAN MORTGAGE, | § |
| | § |
|     Plaintiff Below- | § |
|     Appellee. | § |

Submitted: June 5, 2015
Decided: July 17, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 17th day of July 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Victor Udo, filed this appeal from an order of the Superior Court, dated July 24, 2015, granting a writ of possession to Federal Home Loan Mortgage Corporation ("Freddie Mac"). We find no merit to Udo's appeal. Accordingly, we affirm the Superior Court's judgment.

(2)    The record reflects that, on January 25, 2008, Udo executed and delivered a mortgage to Lydian Mortgage, which was secured by property located at 1 Stearrett Drive, Newark, Delaware 19702. Udo asserts that he moved to

Nigeria in 2011,[1] which is when he stopped making his mortgage payments. On July 6, 2012, Lydian Mortgage assigned its entire interest to Cenlar FSB. On August 6, 2012, Cenlar issued a notice to Udo of its intent to foreclose on the property because Udo was in default of his mortgage payments. Cenlar filed its complaint on December 14, 2012. The record reflects that attempts were made to serve Udo personally, by certified and first class mail, and by posting on the property. Udo failed to respond. A default judgment was entered, and the property was sold at Sheriff's sale to Cenlar on September 10, 2013, who then transferred its bid to Freddie Mac on October 15, 2013. The sale was confirmed on October 25, 2013.

(3) Freddie Mac filed a writ of possession on January 16, 2014. On February 6, 2014, the Superior Court issued a notice to Udo directing him to show cause why the writ of possession should not be granted. Udo filed a response on March 17, 2014. Freddie Mac filed a second writ of possession on May 12, 2014. The Superior Court again issued a notice to Udo directing him to show cause why the writ of possession should not be granted. A hearing was held on July 14, 2014. Udo did not appear, but his wife did, even though she was not a party to the proceeding. The Superior Court held that the only issue properly before it on the writ of possession was Udo's contention that he had never received proper notice

---

[1] Udo's wife and two children continued to live in the property.

2

of the foreclosure action. The Superior Court rejected Udo's claim of improper notice and issued the writ of possession on July 25, 2014. After Udo filed an emergency motion, the Superior Court stayed the writ of possession pending appeal, conditioned upon Udo's payment of a $9,000 bond.

(4) In his opening brief on appeal, Udo requests that the mortgage foreclosure and Sheriff's sale be rescinded and that title to the property be restored to him because: (i) he was denied his right to foreclosure mediation; (ii) Freddie Mac has been unjustly enriched; (iii) he was never served with notice of the foreclosure action; (iv) the Superior Court had no jurisdiction over him because of the lack of proper notice; and (v) the foreclosure was pursued in bad faith.

(5) In response, Freddie Mac argues that the only permissible objection to a Sheriff's sale *after* the sale has been confirmed is lack of proper notice.[2] Accordingly, Freddie Mac asserts that Udo's claims of unjust enrichment and bad faith are not properly before the Court.

(6) We agree. As the Superior Court properly held, Udo's only cognizable claim in light of the confirmation of the sale was his allegation of improper notice. The record, however, reflects that Cenlar (the then-plaintiff) complied with the requirements of Superior Court Civil Rule 4(f)(4) and that such

---

[2] *Deibler v. Atlantic Properties Group, Inc.*, 652 A.2d 553 556 (Del. 1995).

3

compliance constituted legal and sufficient service of the complaint on Udo.[3] Udo was properly served with notice of the foreclosure proceedings and of his right to participate in mediation. He failed to respond. He is now barred from making any collateral attack on the Sheriff's sale.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[3] *Osowiecki v. Wells Fargo Nat'l Ass'n*, 2012 WL 5818326 (Del. Nov. 15, 2012).

[4] *Lismore v. Federal Nat'l Mortgage Ass'n*, 2013 WL 4538363 (Del. Aug. 23, 2013).